UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 14-00590 MMM (ASx) | Date | February 10, 2014 |
|---|---|---|---|

| Title | *Miranda v. Bank of America, et al.* |
|---|---|

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order to Show Cause Why Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction

## I. BACKGROUND

Kendra Miranda filed this action on December 19, 2013 against Bank of America, N.A. ("Bank of America"), Bayview Loan Servicing, LLC ("Bayview"), and certain fictitious defendants in San Luis Obispo Superior Court.[1] Bayview was served on December 25, 2013. Together with Bank of America, it timely removed the action on January 24, 2014.[2] Defendants invoke the court's diversity jurisdiction.[3]

---

[1] Notice of Removal ("Removal"), Docket No. 1 (Jan. 24, 2014), Exh. A at 4 ("Complaint").

[2] Removal, ¶ 2.

[3] *Id.*, ¶ 6.

## II.  DISCUSSION

### A.  Legal Standard Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute.  See, e.g., *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress" (citations omitted)). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states.  See 28 U.S.C. §§ 1441(a), (b); see also *id.*, § 1446 (setting forth removal procedures generally); *id.*, § 1453 (setting forth removal procedures for class actions).  Only those state court actions that could originally have been filed in federal court can be removed.  28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending . . ."); see also, e.g., *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant").

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart*, 592 F.2d at 1064).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### B.  Whether the Case Was Properly Removed Under 28 U.S.C. § 1332

"[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . ."). Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant.  28 U.S.C. §§ 1332(a)(1), 1332(c)(1); see *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 n. 3 (1996); see also *Cook v. AVI Casino Enters., Inc.*, No. 07-15088, 2008 WL 4890167, *3 (9th Cir. Nov. 14, 2008) (Unpub. Disp.) ("We have jurisdiction only if Cook, a resident of California, has citizenship which is diverse from that of every defendant," citing *Lewis*, 519 U.S. at 68).

### 1. Amount in Controversy

As noted, "[a] federal court has jurisdiction over the underlying dispute if the suit is between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs (i.e., diversity jurisdiction)." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (citing 28 U.S.C. § 1332(a)). "Where the plaintiff originally files in federal court, 'the amount in controversy is determined from the face of the pleadings.'" *Id.* (quoting *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir.2000)). Because the complaint alleges on its face that the amount in controversy exceeds $75,000, the requirement is presumptively satisfied.

### 2. Complete Diversity

#### a. Residency Is Not Citizenship

A person is a citizen of the state in which she has her domicile, i.e., a permanent home where she intends to remain or to which she intends to return. See *Gilbert v. David*, 235 U.S. 561, 569 (1915); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return"). A person's residency does not determine her citizenship for purposes of diversity jurisdiction. *Kanter*, 265 F.3d at 857 ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state"); see also *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile").

Defendants assert Miranda is a resident of California.[4] Because residency is not determinative of citizenship, the court cannot determine whether Miranda's citizenship is diverse from that of all defendants. To satisfy the requirements of § 1332, defendants must allege Miranda's citizenship.

---

[4] *Id.*, ¶ 7.

### b.     The Citizenship of LLCs

The Ninth Circuit treats limited liability companies like partnerships for purposes of diversity jurisdiction.  See *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (applying the standard used by sister circuits and treating LLCs like partnerships).  Thus, "an LLC is a citizen of every state of which its owners/members are citizens." *Id.*; see also *Handelsman v. Bedford Village Assocs., Ltd Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000) (recognizing that "a limited liability company has the citizenship of its membership").

As Bayview is a limited liability company, its citizenship is determined by the citizenship of its members.  *Johnson*, 437 F.3d at 899.  Because neither the complaint nor the notice of removal have alleged the citizenship of Bayview's members, the court is unable to determine whether § 1332(a)'s complete diversity requirement is satisfied.  See *Garcia v. Specialized Exp., LLC*, No. ED CV 10-729 PA, 2010 WL 2402889, *2(C.D. Cal. June 8, 2010) ("Moreover, the Notice of Removal alleges only the state of incorporation and principal place of business for defendant Specialized Express, LLC, but does not allege the citizenship of the LLC's members.  As a result, Removing Defendants' allegations are insufficient to invoke this Court's diversity jurisdiction).

### III.  CONCLUSION

Defendants have not adequately alleged the existence of diversity jurisdiction, the only purported ground for the exercise of subject matter jurisdiction in this case.  Accordingly, the court orders defendants to show cause **on or before February 18, 2014** why the action should not be remanded to state court for lack of subject matter jurisdiction.  Failure to respond by **February 18, 2014** will result in immediate remand of the action.  If defendants file a response to this order, Miranda may file a reply no later than **February 25, 2014.**