**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-00590 MMM (ASx) | Date | March 24, 2014 |
|---|---|---|---|

| Title | *Miranda v. Bank of America, N.A., et al.* |
|---|---|

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **Order Remanding Case for Lack of Subject Matter Jurisdiction**

## I. BACKGROUND

Kendra Miranda filed this action on December 19, 2013 against Bank of America, N.A. ("Bank of America"), Bayview Loan Servicing, LLC ("Bayview"), and certain fictitious defendants in San Luis Obispo Superior Court.[1]  Bayview was served on December 25, 2013.  Together with Bank of America, it timely removed the action on January 24, 2014, invoking the court's diversity jurisdiction.[2]

On February 10, 2014, the court issued an order to show cause why the case should not be remanded for lack of subject matter jurisdiction, noting that the notice of removal had not adequately alleged the existence of diversity jurisdiction.[3]  Defendants filed a response on February 18, 2014.[4]

---

[1]Notice of Removal ("Removal"), Docket No. 1 (Jan. 24, 2014), Exh. A at 4 ("Complaint").

[2]Removal, ¶¶ 2, 6.

[3]Order to Show Cause Why Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction ("Order"), Docket No. 5 (Feb. 10, 2014).

[4]Response, Docket No. 8 (Feb. 18, 2014).

Because the response fails adequately to allege the existence of complete diversity between the parties, the action must be remanded to state court.

## II. DISCUSSION

### A.    Legal Standard Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See, e.g., *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress" (citations omitted)). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states.  See 28 U.S.C. §§ 1441(a), (b); see also *id.*, § 1446 (setting forth removal procedures generally).  Only those state court actions that could originally have been filed in federal court can be removed.  28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending . . ."); see also, e.g., *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant").

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart*, 592 F.2d at 1064).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### B.    Whether the Case Was Properly Removed Under 28 U.S.C. § 1332

"[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . ."). Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a)(1), 1332(c)(1); see *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 n. 3 (1996); see also *Cook v. AVI Casino Enters., Inc.*, No. 07-15088, 2008 WL 4890167, *3 (9th Cir. Nov. 14, 2008) (Unpub. Disp.) ("We have jurisdiction only if Cook, a

resident of California, has citizenship which is diverse from that of every defendant," citing *Lewis*, 519 U.S. at 68).

In its order to show cause, the court found that defendants had failed adequately to allege that the complete diversity requirement of § 1332 was satisfied.[5]  Specifically, the court found  that defendants had failed adequately to allege Miranda's citizenship since they relied solely on allegations of residency.  The court also found that defendants had not adequately alleged Bayview's citizenship because it had not pled the citizenship of each of the LLC's members.[6]  Bayview's response does not satisfy the court as to the citizenship of either party.

### 1.    Whether Defendants Have Adequately Alleged Miranda's Citizenship

As the court noted in its order to show cause, a person is a citizen of the state in which she has her domicile, i.e., a permanent home where she intends to remain or to which she intends to return. See *Gilbert v. David*, 235 U.S. 561, 569 (1915); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return").  A person's residency does not determine her citizenship for purposes of diversity jurisdiction.  *Kanter*, 265 F.3d at 857 ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency.  To be a citizen of a state, a natural person must first be a citizen of the United States.  The natural person's state citizenship is then determined by her state of domicile, not her state of residence.  A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.  *A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state*" (emphasis added)); see also *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth.  Residence is not an immutable condition of domicile").

Defendants asserted in their notice of removal that Miranda is a resident of California.[7]  In defendants' response to the order to show cause, they reassert that Miranda "resides in Grover Beach, California," and cite Miranda's complaint, which alleges only that she "is now, and at all times relevant to this action [was], a resident of the County of San Luis Obispo, State of California."[8]  As the court previously noted, allegations of residency are insufficient to establish citizenship.  As a

---

[5]Order at 3-4.  The court held that the amount in controversy was satisfied.  (*Id*. at 3.)

[6]*Id*.

[7]*Id.*, ¶ 7.

[8]Response at 2; Complaint, ¶ 3.

result, the court still cannot determine Miranda's citizenship and thus cannot determine whether it is diverse from that of the defendants. For this reason alone, the court remands the case to San Luis Obispo Superior Court. See e.g., *Takeda*, 765 F.2d at 818 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," (citing *Libhart*, 592 F.2d at 1064).

## 2.     Whether Defendants Have Adequately Alleged Bayview's Citizenship

Even had defendants adequately alleged Miranda's citizenship, the court would have to remand the case because defendants have failed adequately to allege Bayview's citizenship. As the court noted in the order to show cause, the Ninth Circuit treats limited liability companies like partnerships for purposes of diversity jurisdiction. See *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (applying the standard used by sister circuits and treating LLCs like partnerships). Thus, "an LLC is a citizen of every state of which its owners/members are citizens." *Id.*; see also *Handelsman v. Bedford Village Assocs., Ltd Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000) (recognizing that "a limited liability company has the citizenship of its membership").

In response to the court's order to show cause, defendants allege that "the address of each member of Bayview . . . is in Coral Gables, Florida."[9] As evidence of this, they attached a "Detail by Entity Name" report from the Florida Department of State Division of Corporations website for "Bayview Loan Servicing, LLC."[10] The report lists the names and addresses of each of the 45 "authorized person(s)" for Bayview.[11] The address for each person is, like Bayview, 4425 Ponce de Leon Blvd., 4th Floor, Coral Gables, Florida 33136.[12]

Under Florida law, an "authorized representative" of a limited liability company is "[a] manager of a manager-managed limited liability company," "[a] member of a member-managed limited liability company," or "[a]n agent or officer of the limited liability company who is granted [ ] authority . . . by [ ] a manager or [ ] a member." Florida Revised Limited Liability Company Act, FLA. STAT. § 605.0102(8)(b). Given the disjunctive nature of this definition, the court cannot determine whether the 45 individuals listed in the report are members of Bayview or whether they are managers or individuals Bayview has authorized to represent the company. Accordingly, the court cannot determine the citizenship of each of Bayview's members. See *Morris v. WinCo Foods, LLC*, No. 3:12–cv–01216–ST, 2013 WL 139815, *2 (D. Or. Jan. 10, 2013) (holding that the complete diversity requirement was not satisfied where a limited liability company submitted report it filed with

---

[9]Response at 2.

[10]Response, Exh. A.

[11]*Id.*

[12]*Id.*

4

the Oregon Secretary of State listing its officers and managers, who under Oregon law were not necessarily members, and stating that "[f]or purposes of determining diversity jurisdiction, the analysis depends on the citizenship of WinCo's owners or members, not its managers. . . . Thus, diversity jurisdiction does not exist").

Even if the court were able to find that the list of authorized persons was a list of Bayview's members, the court would nonetheless conclude that Bayview had failed to show that each of its members was a citizen of Florida. It is highly unlikely that all 45 members of Bayview live on the 4th Floor of the building located at 4425 Ponce de Leon Boulevard, and also operate the company from that location. Even assuming all 45 individuals work at the location identified in the report, an individual's place of employment alone is not enough to establish his or her citizenship. See *Kyung Park v. Holder*, 572 F.3d 619, 624-5 (9th Cir. 2009) ("The intention to remain may be established by factors such as: current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes," citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)); *National City Mortgage Co. v. Mortgage Concepts of Indiana, Inc.*, Cause No. 1:07-CV-171 RM, 2007 WL 2155869, *1 (N.D. Ind. July 24, 2007) ("[F]or diversity purposes the citizenship of an individual is determined by the person's domicile, not residence or place of employment"); *Shah v. Boyle, Boyle & Paulus, S.C.*, No. 07-C-540, 2007 WL 3025773, *1 (E.D. Wis. Oct. 15, 2007) ("Mr. Smiths place of employment is not germane for purposes of determining his citizenship. Rather, an individual's citizenship is determined by the person's domicile"). Accordingly, defendants have not adequately alleged the citizenship of Bayview because they have not adequately alleged the citizenship of each of its members. For this reason as well, the court cannot determine whether complete diversity exists in this case and it must therefore remand the case to state court.

## III.  CONCLUSION

For the reasons stated, the court finds that defendants have failed to establish there that is complete diversity of citizenship between the parties under 28 U.S.C. § 1332. The court therefore lacks subject matter jurisdiction to hear the action, and directs the clerk to remand the case forthwith to San Luis Obispo Superior Court.